UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EPS LOGISTICS CO., ET AL. | CIVIL ACTION NO. 6:21-cv-01003 |
| VERSUS | JUDGE SUMMERHAYS |
| COX OPERATING, L.L.C. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the court is the motion to transfer venue, under 18 U.S.C. § 1404(a), which was filed by the defendant, Cox Operating, L.L.C. (Rec. Doc. 7). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied.

## Background

This lawsuit began when the plaintiffs, EPS Logistics Company and Expeditors & Production Services Company (collectively "EPS"), filed their petition for suit on open account in the 15th Judicial District Court, Lafayette Parish, Louisiana.[1] The defendant, Cox Operating, LLC, removed, alleging that this court

---

[1] Rec. Doc. 1-1 at 3-6.

has subject-matter jurisdiction under 43 U.S.C. § 1349(b)(1) because the dispute underlying this lawsuit arises out of and in connection with operations conducted on the Outer Continental Shelf involving the exploration for and development and production of minerals.[2] This Court determined that the court has subject-matter jurisdiction over this action and issued a separate ruling in that regard.

Cox filed the instant motion to transfer the case to the United States District Court for the Eastern District of Louisiana, under 28 U.S.C. § 1404(a).[3] In support of the motion, Cox argued that another lawsuit between the same parties arising out of the same business relationship had already been filed in the Eastern District and that it would be both just and convenient for the parties to try the two suits in the same court. EPS opposed the motion.

## Law and Analysis

A court may transfer an action to any other proper judicial district "for the convenience of the parties and witnesses, in the interest of justice."[4] The moving party bears the burden of proving that a change of venue is warranted.[5] The party

---

[2] Rec. Doc. 1 at 2.

[3] Rec. Doc. 7.

[4] 28 U.S.C. § 1404(a).

[5] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Volkswagen II"); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

seeking transfer must show good cause for the transfer.[6]  Unless the moving party shows that the transfer is "clearly more convenient," the plaintiff's choice of venue must be respected.[7]

Courts have broad discretion in deciding whether to grant transfer motions, but their discretion is tempered by the text of Section 1404(a).[8]  The threshold inquiry is whether the suit might have been brought in the proposed transferee venue; if so, then relevant private interest and public interest factors are analyzed.[9]

The Fifth Circuit adopted the private interest factors and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ("the Gilbert factors"), for determining whether a Section 1404(a) venue transfer should be granted for the convenience of parties and witnesses and in the interest of justice.[10]  The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make

---

[6]     *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)).

[7]     *In re Volkswagen of America, Inc.*, 545 F.3d at 311.

[8]     *In re Volkswagen of America, Inc.*, 545 F.3d at 311 (citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) and *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

[9]     *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I").

[10]    *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

trial of a case easy, expeditious, and inexpensive.[11] The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[12] These factors are neither exhaustive nor exclusive and no one of them is dispositive.[13] Furthermore, the court should not engage in a "raw counting exercise," but should instead engage in a true qualitative analysis of the evidence presented concerning each factor.[14] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[15] Additionally, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only

---

[11] *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

[12] *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

[13] *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

[14] *In re Radmax, Ltd.*, 720 F.3d 285, 290 n. 8 (5th Cir. 2013).

[15] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)).

when the private and public factors clearly point towards trial in the alternative forum."[16]

In this case, Cox argued that it would be more convenient to try this case in the United States District Court for the Eastern District of Louisiana, which is located in New Orleans, while EPS argued that the suit should remain in the Lafayette Division of the Western District of Louisiana. Under 28 U.S.C. § 1391, venue is proper in a judicial district where any defendant resides or where a substantial part of the events giving rise to the claim occurred. It is undisputed that Cox has an operations office in New Orleans and equally undisputed that part of the work that was performed by EPS and allegedly not paid for by Cox was conducted within the Eastern District of Louisiana – in Grand Isle and Venice, which are located in Jefferson Parish and Plaquemines Parish, respectively. Accordingly, the threshold question of whether the suit could originally have been filed in the Eastern District is satisfied. The public interest factors and private interest factors must therefore be analyzed.

**The Private Interest Factors**

Although there are four private interest factors, Cox argued that only one of them strongly favors transfer of this lawsuit to another venue.

---

[16] *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

1. **The Relative Ease of Access to Sources of Proof**

The first factor to be considered focuses on the parties' access to the evidence necessary to prove their case. Cox did not argue that this factor strongly favors transfer. Instead, Cox argued that this factor "is neutral and/or slightly favors transfer."[17] Cox even noted that some courts have found that current technological capabilities render this factor "a near non-issue."[18] Cox admitted that this is particularly true in this case, in which most of the evidence will take the form of invoices and accounting records that can be transmitted and exchanged electronically. Therefore, this factor does not favor transfer of the lawsuit.

2. **The Availability of Compulsory Process to Secure the Attendance of Witnesses**

The second factor focuses on the respective courts' abilities to compel the attendance of unwilling non-party witnesses.[19] Cox did not indicate who might be called upon to testify at trial but noted that most of the witnesses in this case will be representatives of the parties. Cox admitted that this factor should be accorded "little to no weight."[20] Therefore, this factor does not favor transfer of the lawsuit.

---

[17]    Rec. Doc. 7-1 at 9.

[18]    Rec. Doc. 7-1 at 9 (citing *Pruitt v. Bruce Oakley, Inc.*, No. 18-8621, 2019 WL 2437182, *4 (E.D. La. June 11, 2019)).

[19]    *Nexen Petroleum USA, Inc. v. Ensco Offshore Co.*, No. 6:13-00604, 2015 WL 6511879, *9 (W.D. La. Oct. 27, 2015).

[20]    Rec. Doc. 7-1 at 10.

### 3. The Cost of Attendance for Willing Witnesses

The third factor relates to the cost that must be incurred by willing witnesses who attend the trial. Cox stated that it is headquartered in Dallas, Texas but has an operations office in New Orleans, Louisiana, and stated that EPS's operations are centered in Lafayette, Louisiana. Although Lafayette and New Orleans are approximately 135 miles apart,[21] Cox suggested that any inconvenience to EPS in moving the case to New Orleans would be "minimal,"[22] making this factor "relatively neutral."[23]

Cox's reasoning lacks merit. According to the Fifth Circuit, "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[24] As the court explained, the additional distance equates to additional travel time, increased expenses for meals and lodging, and increased time away from each witness's regular employment and home responsibilities.[25] In this case, Cox stated that it has

---

[21] Distance Calculator, https://www.distancecalculator.net/from-new-orleans-to-lafayette (last visited June 29, 2021).

[22] Rec. Doc. 7-1 at 10.

[23] Rec. Doc. 7-1 at 10.

[24] *In re Volkswagen AG*, 371 F.3d at 204.

[25] *In re Volkswagen AG*, 371 F.3d at 205.

an operations office in New Orleans and that EPS is based in Lafayette. Cox further stated that EPS and Cox employees are likely to comprise the bulk of the witnesses. By Cox's own logic, EPS's employees are more likely to work in Lafayette than in New Orleans and would have farther to travel in order to attend hearings or trial in the Eastern District. Therefore, Cox's own briefing established that moving the suit to New Orleans would be inconvenient and financially burdensome for EPS's likely witnesses. This is important since the "convenience of the witnesses is probably the single most important factor in transfer analysis."[26]

While Cox's burden is to show that the proposed transferee court would be more convenient, it has, instead, demonstrated that moving this lawsuit to New Orleans would be both inconvenient and costly for EPS and its witnesses. Therefore, this factor weighs against transfer.

### 4. All Other Practical Problems.

The final private interest factor focuses on considerations that make trial easy, expeditious, and inexpensive. Cox argued that having another "substantially related case" pending in a different forum weighs in favor of transfer. Cox also stated that there was "substantial overlap" between the two lawsuits because the same parties are involved, but then noted that the two suits involve "different invoices related to

---

[26] *In re Genetech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009) (quoting *Neil Bros. Ltd. V. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y 2006)).

different goods and services."[27] Cox described this lawsuit as a relatively simple suit on an open account but described the suit pending in New Orleans as involving five causes of action, and EPS's interactions with CIMA, which is not a party in this suit. Thus, while arguing that the two suits are substantially related, Cox simultaneously pointed out how different the suits are – while maintaining that the same parties and many of the same witnesses will be required for both. This Court finds that Cox's analysis ultimately downplayed the similarities between the two cases and highlighted their differences. EPS also distinguished the two pending cases, arguing that the invoices that form the basis for this lawsuit are not the invoices forming the basis for the lien filings being litigated in New Orleans.[28]

Cox also noted that this lawsuit was filed before the suit that is pending in New Orleans was filed and accurately stated that, generally, the court in which an action is first filed is the appropriate forum for subsequently filed cases with substantially similar issues.[29] Thus, if the cases were substantially similar, the Eastern District case should, if the general rule were applied, be transferred to Lafayette. But Cox advocated deviation from the general rule in this case, noting that such a deviation should occur "when the Section 1404(a) factors weigh in favor

---

[27] Rec. Doc. 7-1 at 11.

[28] Rec. Doc. 12 at 7 n. 10.

[29] *Save Power v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

of giving priority to the second action."[30] Cox then argued that the suit in New Orleans has progressed further than this one and that the suit pending in New Orleans "involves more complex claims and has an evidentiary hearing on the horizon."[31] This Court finds that the substantive differences between the two lawsuits and the different procedural postures of the two suits actually are reasons not to deviate from the first-to-file rule – especially since the two suits do not involve the same issues or the same evidentiary basis. And, as is discussed throughout this ruling, this Court finds that Cox failed to show that the relevant factors compellingly weigh in favor transfer and, consequently, failed to support a deviation from the first-to-file rule.

In summary, Cox argued that two of the four private interest factors are essentially neutral and failed to persuade this Court that the other two factors mandate transfer.

**The Public Interest Factors**

There are four public interest factors. Cox argued that only one of them weighs in favor of transferring this case.

**1. The Administrative Difficulties Flowing from Court Congestion**

---

[30] *United States Risk Mgmt., L.L.C. v. U.S. Risk Ins. Group, Inc.*, No. 11-2706 2012 WL 13001312 (E.D. La. Jan. 25, 2012) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Practice & Procedure § 3854 (3d ed. 2007)).

[31] Rec. Doc. 7-1 at 13.

Cox argued that difficulties flowing from court congestion is the sole public interest factor implicated in this case. Cox admitted that the Eastern District typically has a heavier caseload than the Western District but suggested that the lower case number assigned to the suit in New Orleans would mean that the Eastern District suit would get to trial quicker. But Cox offered no statistics or other evidentiary support for that theory. Furthermore, this Court believes that both courts are likely congested at the current time since the courts have only recently reopened following the delays caused by the Covid-19 pandemic. Therefore, there does not appear to be an evidence-based advantage for moving the case to New Orleans to avoid court congestion.

### 2. The Local Interest in having Localized Interests Decided at Home

Cox argued that this factor should carry little or no weight in determining whether the suit should be transferred to the Eastern District of Louisiana.

### 3. The Familiarity of the Forum with the Governing Law

Cox argued that this factor should carry little or no weight in determining whether the suit should be transferred to the Eastern District of Louisiana.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws or the Application of Foreign Law

Cox argued that this factor should carry little or no weight in determining whether the suit should be transferred to the Eastern District of Louisiana.

In summary, Cox argued that only one of the four public interest factors weighs in favor of transferring the case, but Cox's argument with regard to that factor lacks merit.

Accordingly, this Court concludes that Cox did not satisfy its burden of showing good cause for the transfer of this case to the Eastern District of Louisiana.

## **Conclusion**

Cox failed to demonstrate good cause for the proposed transfer of this case to the United States District Court for the Eastern District of Louisiana and failed to show that the proposed transferee venue would be clearly more convenient. Therefore, EPS's choice of venue should be respected, and this Court recommends that Cox's motion to transfer (Rec. Doc. 7) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[32]

    Signed at Lafayette, Louisiana, this 30th day of June 2021.

                                           PATRICK J. HANNA
                                           UNITED STATES MAGISTRATE JUDGE

---

[32]   See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).